[Cite as *State v. Mann*, 2013-Ohio-2133.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| LANCE W. MANN | : | Case No. 2012CA0018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from The Court of Common
                                   Pleas, Case No. 11-CR-0091

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  May 22, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellee

NO APPEARANCE                         FREDERICK A. SEALOVER
                                      45 N. Fourth Street
                                      P. O. Box 2910
                                      Zanesville, OH 43702-2910

*Farmer, J.*

{¶1} Appellant, Lance W. Mann, appeals his conviction and sentence from the Coshocton County Court of Common Pleas. Appellant was convicted of five counts of breaking and entering, in violation of R.C. 2911.13(A) and one count of breaking and entering in violation of R.C. 2911.13(B). All counts were felonies of the fifth degree.

{¶2} Appellant entered guilty pleas to these counts as part of a plea agreement wherein other counts from his indictment were dismissed. Further, as part of the plea agreement, the State agreed to recommend a sentence of ten months with all sentences to be served concurrently. The trial court honored the agreement and sentenced Appellant to an aggregate term of ten months. At the time of sentencing, the trial court advised Appellant he should appeal his sentence because Appellant was not granted community control. The trial court indicated it believed the law was unsettled as to whether someone in Appellant's position could receive a prison sentence for a felony of the fifth degree. A timely notice of appeal was filed.

{¶3} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines

that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶4}     Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth one proposed assignment of error.   Appellant has not filed a pro se brief raising any additional assignments of error.   For the reasons which follow, we affirm the judgment of the trial court:

I.

{¶5}     In his only potential assignment of error, Appellant argues the trial court erred in failing to impose a community control sanction for a felony of the fifth degree as required by R.C. 2929.13(B)(1)(a).

{¶6}     R.C. 2929.13[1] governs sentencing guidelines for various specific offenses and degrees of offenses and provides in relevant part,

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

---

[1] We look to the version of R.C. 2929.13 which was in effect at the time of Appellant's sentencing.  We note R.C. 2929.13 was amended effective March 22, 2013.  Under either version, Appellant would not be entitled to a presumption of community control due to his prior felony convictions.  The result in this case would be the same under either version of the statute.

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

{¶7} The record reflects that Appellant admitted at the sentencing hearing that he has past felony convictions. Accordingly, the presumption in favor of community control sanctions does not apply to Appellant. R.C. 2929.13(B)(1)(a)(i).

{¶8} It appears the trial court believed an argument existed as to whether the prior felony conviction had to include a prior prison sentence in order to negate the community control presumption. The statute does not require a prior prison sentence to avoid the presumption of community control. Rather, the statute requires only a prior felony conviction.

{¶9} Appellant's proposed assignment of error is overruled.

{¶10} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Coshocton County Court of Common Pleas.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/as 506

[Cite as *State v. Mann*, 2013-Ohio-2133.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff - Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| LANCE W. MANN | : | |
| Defendant - Appellant | : | CASE NO. 2012CA0018 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES