[Cite as *State v. Silva*, 2013-Ohio-5676.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00033 |
| | : | |
| SEAN DAVID SILVA | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2012-CR-
1322


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      December 9, 2013


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

JOHN D. FERRERO, JR.                    BARRY T. WAKSER
STARK COUNTY PROSECUTOR                 STARK COUNTY PUBLIC DEFENDER
                                        201 Cleveland Ave S.W., Suite 104
KATHLEEN O. TATARSKY                    Canton, OH 44702
110 Central Plaza South, Suite 510
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Defendant-Appellant Sean David Silva appeals the February 1, 2013 sentencing entry of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On November 6, 2012, Defendant-Appellant Sean David Silva was indicted on one count of receiving stolen property, a fourth degree felony in violation of R.C. 2913.51(A). Silva was released on bond.

{¶3} Silva did not appear for his arraignment on November 30, 2012. As a result, a capias was issued for his arrest and his bond was revoked.

{¶4} Silva appeared before the trial court on January 2, 2013 and entered a plea of guilty to the charge of receiving stolen property. The trial court ordered a pre-sentence investigation.

{¶5} On January 30, 2012, the trial court held the sentencing hearing. At the hearing, Silva requested the trial court sentence him to a community control sanction instead of a prison term. Silva cited to R.C. 2929.13(B)(1)(a) to argue the trial court was required to sentence Silva to a community control sanction because Silva met the criteria under the statute. The version of R.C. 2929.13(B)(1)(a) in effect at the time of sentencing stated in pertinent part:

> Except as provided in division (B)(1)(b) of this section, if an offender is
>
> convicted of or pleads guilty to a felony of the fourth or fifth degree that is
>
> not an offense of violence, the court shall sentence the offender to a

community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶6} Silva argued the criteria found under R.C. 2929.13(B)(1)(a) applied to his case. Silva stated his pre-sentence investigation report showed numerous previous felony convictions, but he was last convicted of a felony offense on March 28, 2010, three years prior to his current conviction. He argued R.C. 2929.13(B)(1)(a)(i) stated that because Silva had not been previously convicted of a felony offense within two years prior to the offense for which sentence was being imposed, the trial court was required to sentence Silva to a community control sanction. Silva argued in the alternative, before the trial court could sentence Silva to a prison term, the trial court was required to first contact the Department of Rehabilitation and Correction for a recommendation of a community control sanction.

{¶7} The trial court responded:

* * * The Court has had the opportunity to review the presentence investigation in this matter. I would indicate the presentence investigation in this matter recommends a straight prison term. I will also indicate that I do not believe that the Defendant is subject to the new requirements for Felony Four and Felony Five non-violent sentencing. I do not believe he falls within the requirements.

He has numerous prior felony convictions and prior prison terms that he has served and the Court finds after reviewing the presentence investigation that community control sanctions are not appropriate under the circumstances.

The Court has applied the required felony sentencing criteria that are applicable to him. The Court does not believe that there is any requirement under his circumstances that the Court notify DRC in advance of issuing any type of prison term.

(T. 9-10).

{¶8} The trial court sentenced Silva to a prison term of twelve months. The sentencing entry was filed on February 1, 2013. It is from this decision Silva now appeals.

## ASSIGNMENT OF ERROR

{¶9} Silva raises one Assignment of Error:

{¶10} "THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON TERM IN CONTRAVENTION OF R.C. 2929.13."

## ANALYSIS

{¶11} Silva argues in his sole Assignment of Error the trial court erred in sentencing him to twelve months in prison. Silva states the trial court failed to comply with the sentencing requirements under R.C. 2929.13(B)(1), as amended by H.B. 86, because the trial court was required to impose a sentence of community control sanctions.

{¶12} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Conley*, 5th Dist. Stark No. 2012CA00150, 2013-Ohio-4137, ¶ 35 citing *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* 5th Dist. Licking App.No.2006–CA–41, 2006–Ohio–5823, ¶ 52.

<u>Criteria to Impose Mandatory Community Control</u>

{¶13} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. On September 30, 2011, H.B. 86 went into effect and it amended R.C. 2929.13(B)(1) to prohibit prison sentences for certain fourth and fifth-degree felonies. *State v. Johnson*, 8th Dist. Cuyahoga No. 98245, 2013-Ohio-575, ¶ 58. H.B. 86 applies to the instant case because it went into effect before Silva was sentenced. If certain criteria are met in section (a) of the statute, the trial court is required to sentence the offender to community control sanctions. R.C. 2929.13(B)(1)(a), as amended by H.B. 86, reads:

> (a) Except as provided in division (B)(1)(b) of this section, if an offender is
>
> convicted of or pleads guilty to a felony of the fourth or fifth degree that is
>
> not an offense of violence, the court shall sentence the offender to a

community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correct pursuant to division (B)(1)(c) of this section, the department, within the forty-five day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

{¶14} The question raised in the present case is whether under the H.B. 86 version of R.C. 2929.13(B)(1)(a)(i), was the trial court required to sentence Silva to community control sanctions? Silva and the State dispute the interpretation of R.C. 2929.13(B)(1)(a)(i). According to Silva, the language of subsection (i) requires a felony conviction *and* that the offender committed the felony within two years of the instant sentence. The State argues the subsection reads that if an offender has been convicted or pleaded guilty to a felony offense at any time, subsection (i) is not satisfied. The State contends the two-year look-back period referred to in subsection (i) only applies to violent misdemeanor offenses.

{¶15} This Court has previously had the opportunity to review former R.C. 2929.13(B)(1)(a)(i) in *State v. Takos*, 5th Dist. Richland No. 2012-CA-0078, 2013-Ohio-565 and *State v. Mann*, 5th Dist. Coshocton No. 2012CA0018, 2013-Ohio-2133. In those cases, the defendants were convicted of fifth degree felonies and sentenced to prison rather than community control pursuant to former R.C. 2929.13(B)(1)(a). We affirmed the trial court's decision to impose a prison sentence based on the defendants' past felony convictions. *Mann* at ¶ 7; *Takos* at ¶ 14.

{¶16} Other districts have also interpreted R.C. 2929.13(B)(1)(a)(i) to mean the two-year look-back provision applies only to prior convictions for violent misdemeanor offenses. In *State v. Martin*, 12th Dist. Butler No. CA2013-03-055, 2013-Ohio-3676, the Twelfth District Court of Appeals affirmed the defendant's sentence to a prison term based on a conviction for fifth degree felonies. The applicable sentencing statute was R.C. 2929.13(B)(1), as amended by H.B. 86. The court held:

> As can be seen, former R.C. 2929.13(B)(1)(a)(i) applies only if the offender previously has not been convicted of or pleaded guilty (1) to a felony offense, *or* (2) to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed. Here, the record shows that Martin previously was convicted of a felony offense. Therefore the trial court was not required to sentence him to community control under former R.C. 2929.13(B)(1)(a).

*Martin* at ¶ 15. The Sixth District Court of Appeals in *State v. Lumpkin*, 6th Dist. Lucas No. L-11-1294, 2013-Ohio-840, also held under former R.C. 2929.13(B)(1)(a)(i) that a

mandatory sentence of community control sanctions did not apply to a defendant with prior felony convictions. *Id.* at ¶ 7.

{¶17} In *State v. Esmail*, the Seventh District Court of Appeals interpreted former R.C. 2929.13(B)(1)(a)(i) in the same manner as Fifth, Sixth, and Twelfth Districts. In *Esmail*, the defendant had been previously convicted of felonies in 2003 and 2006. The trial court sentenced the defendant in 2011 to prison for a first degree, third, and fifth degree felonies. The defendant argued the trial court was required to sentence the defendant on the fifth degree felony to community control sanctions. The Seventh District disagreed. It stated:

> The trial court must sentence an offender convicted of a non-violent fifth-degree felony to at least one year of community control if all of the factors in R.C. 2929.13(B)(1)(a)(i)-(iii) apply, except when one of the factors in (B)(1)(b) apply; then the court has discretion to impose a prison term. R.C. 2929.13(B)(1) does not apply to Esmail because he was previously convicted of a felony ((B)(1)(a)(i)) and in the instant case, he was sentenced on first-degree and third-degree felonies in addition to the fifth-degree felonies ((B)(1)(a)(ii)). Because all of the factors in R.C. 2929.13(B)(1)(a) do not apply to Esmail, it is not necessary to examine the exceptions contained in (B)(1)(b).

*Id.* at ¶ 35.

{¶18} In support of his interpretation of R.C. 2929.13(B)(1)(a)(i), Silva refers this Court to *State v. Johnson*, 8th Dist. Cuyahoga No. 98245, 2013-Ohio-575. The Eighth

District construed the subsection to provide for a two-year look-back provision for prior convictions for violent misdemeanor offenses and felony convictions:

> Although the parties do not dispute that subsections (ii) and (iii) are satisfied in this case, they part company with respect to subsection (i). According to the state, if a defendant has been convicted of or pleaded guilty to a felony offense at any time, then subsection (i) is not satisfied. But the language of subsection (i) requires a felony conviction *and* that the offender committed the felony within two years of the instant sentence. The state's position would have us effectively read the word "and" out of the provision. We hold that R.C. 2929.13(B)(1)(a)(i) is satisfied where a defendant has previously been convicted of or pleaded guilty to a felony offense, but that conviction or guilty plea occurred more than two years before the current sentence is imposed.

> In the instant case, Johnson had not been convicted of a felony or pleaded guilty to a felony within two years of the sentence being imposed. Therefore, R.C. 2929.13(B)(1)(a)(i) applied. Because there is no dispute that R.C. 2929.13(B)(1)(a)(ii)-(iii) applied, the trial court was required to sentence Johnson to a community control sanction. Accordingly, the trial court committed clear error when it failed to comply with the applicable statute and instead sentenced Johnson to two eleven-month sentences to run consecutively. Accordingly, we sustain the fifth assignment of error.

*Johnson* at ¶ 60-61.

{¶19} The *Johnson* decision was issued on February 21, 2013, before *Lumpkin*, *Esmail*, *Martin*, and *Mann*. The Eighth District Court of Appeals is the only district to follow the precedent of *Johnson* as to the interpretation of former R.C. 2929.13(B)(1)(a)(i). The majority of districts that have addressed former R.C. 2929.13(B)(1)(a)(i) have found the subsection applies only if the offender has not been previously convicted of or pleaded guilty (1) to a felony offense or (2) to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed. We interpret former R.C. 2929.13(B)(1)(a)(i) to state if a defendant has been convicted of or pleaded guilty to a felony offense at any time, subsection (i) is not satisfied.

{¶20} In the present case, the trial court referred to Silva's prior felony convictions when it sentenced Silva to prison instead of community control. Pursuant to R.C. 2929.13(B)(1)(a)(i), the trial court was not mandated to sentence Silva to community control sanctions because of Silva's prior felony convictions. A prison term of twelve months is within the statutory sentencing range for a felony of the fourth degree.

{¶21} It should be noted R.C. 2929.13(B)(1) was amended by S.B. 160, effective March 22, 2013. The amended statute states:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

<u>Criteria for Discretionary Sentencing</u>

{¶22} The State argues the trial court was within its discretion to sentence Silva to prison because Silva violated a condition of his bond by not appearing at a scheduled hearing.  Section (b) of R.C. 2929.13(B)(1) grants the trial court discretion to sentence an offender to prison if certain criteria are met:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) The offender caused physical harm to another person while committing

the offense.

*(iii) The offender violated a term of the conditions of bond as set by the*

*court.*

(iv) The court made a request of the department of rehabilitation and

correction pursuant to division (B)(1)(c) of this section, and the

department, within the forty-five day period specified in that division, did

not provide the court with the name of, contact information for, and

program details of any community control sanction of at least one year's

duration that is available for persons sentenced by the court.

{¶23} In this case, the trial court did not make a finding at the sentencing

hearing that Silva violated a condition of his bond.  The argument is moot, however,

based on our finding under R.C. 2929.13(B)(1)(a)(i).

Department of Rehabilitation and Correction

{¶24} Silva finally argues the trial court erred by failing to comply with former

R.C. 2929.13(B)(1)(c).  Silva argues the statute required the trial court to contact the

department of rehabilitation and correction to recommend a community control sanction

before the trial court could sentence Silva to prison.  The former statute reads:

If a court that is sentencing an offender who is convicted of or

pleads guilty to a felony of the fourth or fifth degree that is not an offense

of violence believes that no community control sanctions are available for

its use that, if imposed on the offender, will adequately fulfill the overriding

principles and purposes of sentencing, the court shall contact the

department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

If the department provides the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court shall impose upon the offender a community control sanction under division (B)(1)(a) of this section, subject to divisions (B)(1)(b)(i) and (ii) of this section. If the department does not provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration

that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court may impose upon the offender a prison term under division (B)(1)(b)(iii) of this section.

{¶25} We find no error for the trial court to sentence Silva to a twelve-month prison term without application of R.C. 2929.13(B)(1)(c). The trial court appropriately sentenced Silva to prison pursuant to R.C. 2929.13(B)(1)(a)(i).

**CONCLUSION**

{¶26} The trial court complied with R.C. 2929.13(B) when it sentenced Silva to a twelve-month prison term.  For a felony of the fourth degree, a prison term of twelve months is within the statutory sentencing range.  The trial court considered the purposes and principles of sentencing and recidivism factors.  *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912.

{¶27} The sole Assignment of Error of Defendant-Appellant Sean David Silva is overruled.

{¶28} The judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. WILLIAM B. HOFFMAN