[Cite as *State v. Buell*, 2016-Ohio-2734.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-789 |
| v. | : | (C.P.C. No. 14CR-4636) |
| Derrick S. Buell, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 28, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert* for appellee.

**On brief:** *Barnhart Law Office LLC*, and *Robert B. Barnhart*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Derrick S. Buell is appealing from a decision of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea to a single charge of endangering children as a felony of the third degree. He assigns a single error for our consideration:

> The trial court improperly denied Appellant's Motion to Withdraw his Guilty Plea.

{¶ 2} Buell was accused of providing heroin to his 15-year-old son. Buell was already on community control when new charges, including the endangering children charge, were filed. When the new charges were filed, a plea bargain was offered under the terms of which Buell would plead to the one charge and the State would recommend that Buell be continued on community control. In the vast majority of cases in Franklin

County, Ohio, if the parties agree as to the appropriate sentence, the trial court judge accepts that argument and imposes the agreed-upon sentence.

{¶ 3}   The trial court judge who accepted Buell's guilty plea ordered a pre-sentence investigation and an evaluation of Buell's suitability to enter a community based correctional facility. A sentencing date was set one month later.

{¶ 4}   When Buell returned to court for his sentencing, a new judge had taken over responsibility for Buell's case. The new judge indicated that despite the agreement of the parties, the judge was going to sentence Buell to prison. Buell's counsel informed Buell of this change.

{¶ 5}   Buell decided to ask that he be permitted to withdraw his guilty plea. He had not yet been sentenced, so he did not have to demonstrate that a manifest injustice had occurred in order to allow withdrawal of the guilty plea. *See* Crim.R. 32.1.

{¶ 6}   The new trial court judge applied the binding case from the Supreme Court of Ohio, *State v. Xie*, 62 Ohio St.3d 521 (1992). The syllabus for the *Xie* case reads:

> 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
>
> 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.

{¶ 7}   The new trial court judge complied with the *Xie* case and granted a hearing on Buell's oral motion to withdraw his guilty plea. After the hearing, the trial court judge refused to allow withdrawal of the plea.

{¶ 8}   On appeal, our task is to determine if the trial court judge abused his discretion in refusing to allow Buell to withdraw his plea.

{¶ 9}   The reasonable and legitimate basis for attempting to withdraw the plea proffered by Buell was that he was not actually guilty of the charge. Buell claimed he agreed to plead guilty to avoid the risk of his community control being revoked and his prison sentence being imposed on his prior felony charge along with the new endangering children charge. Because the new charge could be ordered to be served consecutively to his earlier charge, Buell pled after the weighing of a longer prison sentence against merely

continuing his community control. Since the State was recommending community control on the new charge, Buell could legitimately believe he was weighing no risk of prison time against some risk of prison time. Buell chose the option of what seemed to be no risk of prison time and entered the requested guilty plea.

{¶ 10} The trial court judge who ruled on the motion to withdraw the guilty plea for some reason concluded that a joint recommendation of community control was never promised, and that Buell was merely experiencing "sour grapes" because Buell was going to prison. The trial court judge clearly erred when he stated that a joint recommendation for community control was never promised.

{¶ 11} The trial court's conclusion that a joint recommendation for community control was never promised, in all likelihood impacted the trial court judge's evaluation of whether Buell had a reasonable and legitimate basis for wanting to withdraw his guilty plea. We are reminded of the statement of the Supreme Court in the *Xie* case that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Id.* at 527. A sincere belief of a criminal defendant like Buell that he was not guilty of the charges against him and was entering a guilty plea because he was offered a promise of continued community control could be considered a reasonable and legitimate basis for withdrawing the plea if a new sentencing judge felt the recommendation should not have been offered in the first place and felt that a lengthy prison sentence should be levied on the defendant.

{¶ 12} We note again that the judge who accepted Buell's plea was not the person who sentenced Buell. However, the second judge refused the withdrawal of the guilty plea at least in part due to a factual error as to the terms of the plea bargain which resulted in the guilty plea. We cannot know how the trial court judge, who refused the withdrawal, would have ruled if he knew that Buell could reasonably and legitimately believe he would receive community control once again based upon the recommendation from the State of Ohio and the general practice of the judges in the Franklin County Court of Common Pleas.

{¶ 13} We sustain the sole assignment of error. We vacate the conviction and remand the case for new proceedings on the motion to withdraw the guilty plea with an

accurate understanding of the terms of the plea bargain and Buell's understanding of what the terms of the plea bargain meant.

*Judgment vacated; cause remanded with instructions.*

BRUNNER, J., concurs.
KLATT, J., dissents.

KLATT, J., dissenting.

{¶ 14} Because I would affirm the judgment of the trial court, I respectfully dissent.

{¶ 15} In 2014, a Franklin County Grand Jury indicted appellant with four counts of corrupting another with drugs in violation of R.C. 2925.02, and single counts of felonious assault in violation of R.C. 2903.11, and endangering children in violation of R.C. 2919.22. The charges alleged that appellant provided his 15-year-old son with drugs. Appellant initially entered a not guilty plea to the charges, but subsequently withdrew that plea and agreed to plead guilty to one count of endangering children. As part of that agreement, the other charges were dismissed and the state agreed to jointly recommend a sentence of community control. The trial court accepted appellant's guilty plea after advising him of the rights he waived as a result of his plea and the possible sentence he could receive, which included a prison sentence of up to 36 months. The trial court delayed sentencing for the preparation of a pre-sentence investigation report ("PSI") as well as an evaluation for a community based correctional facility ("CBCF"). The trial court then advised appellant that a different judge would sentence him. Appellant indicated that he understood.

{¶ 16} On the day of the sentencing hearing, the new judge met with counsel before the hearing and was advised that appellant wanted to withdraw his guilty plea.[1] Subsequently, during the hearing, the trial court asked appellant why he wanted to withdraw his plea. Appellant explained that "the allegations on my case are not facts; and the way I took my plea deal was I agreed to get probation and now they're not doing the deal * * * to get the community control." (July 30, 2015 Tr. 3.) The trial court asked

---

[1] This meeting was apparently not transcribed as it is not part of the record on appeal.

appellant whether that meant that he had "concerns that you're not going to get the joint recommendation and therefore you want to withdraw your plea?" (July 30, 2015 Tr. 3.) Appellant agreed.[2] The trial court expressed its concern that appellant was simply unhappy with not receiving community control like he thought he was going to get. The trial court noted a letter that appellant wrote to the court two weeks before his sentencing in which he did not express a desire to withdraw his guilty plea but, instead, wanted to make sure his PSI and CBCF evaluation would be completed before his sentencing hearing. The trial court told appellant that "[m]y concern is that you don't like what the Court may do regarding sentencing on this charge and so you want to withdraw your plea; is that correct?" Appellant answered that the court was correct. (July 30, 2015 Tr. 5.) Appellant then again told the trial court that "I was just going to say is the way that I took the plea deal is I agreed to get probation and to be released. Now, for some reason, the agreement is not going through." (July 30, 2015 Tr. 6.)

{¶ 17} The trial court denied appellant's motion to withdraw, concluding that the request was not for a legitimate reason but rather was a "classic sour grapes scenario where the offender has concerns about his possible sentence about a joint recommendation that was never promised not being followed." (July 30, 2015 Tr. 7-8.) Accordingly, the trial court proceeded with sentencing and sentenced appellant to a prison term of 30 months.[3]

{¶ 18} Even though pre-sentence motions to withdraw a plea "should be freely and liberally granted," that does not mean a defendant has an absolute right to withdraw a plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus; *State v. Glass*, 10th Dist. No. 04AP-967, 2006-Ohio-229, ¶ 36. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.*; *State v. Doyle*, 10th Dist. No. 12AP-567, 2013-Ohio-3262, ¶ 13. Ultimately, however, it is within the trial court's discretion to grant or deny a pre-sentence motion to withdraw a plea. *Xie* at paragraph two of the syllabus. Absent an abuse of discretion, a reviewing court must affirm the trial

---

[2] It is not clear how or when appellant learned that he would not be receiving community control, but the implication is that he learned this through discussions his attorney had with the trial court before the sentencing hearing.

[3] Even though the state adhered to its community control recommendation at sentencing, the trial court rejected that recommendation, at least in part, due to appellant's failure to complete his CBCF evaluation and his failure to accept responsibility for his actions. (July 30, 2015 Tr. 12-14.)

court's decision to grant or deny a pre-sentence motion to withdraw a plea. *Id.*; *State v. Hairston*, 10th Dist. No. 07AP-160, 2007-Ohio-5928, ¶ 25.

{¶ 19} The trial court concluded that appellant sought to withdraw his guilty plea solely because he believed he would be sent to prison and not receive community control. That conclusion is supported by appellant's statements during the sentencing hearing. Although appellant did say at the beginning of the hearing that "the allegations on my case are not facts," a statement that could be interpreted as a protestation of innocence, the entirety of the hearing centered around his unhappiness about not receiving community control. In fact, when the trial court asked appellant directly if he wanted to withdraw his guilty plea because of the sentence he may receive, appellant answered in the affirmative. (July 30, 2015 Tr. 5-6.) Further, when asked by the trial court if he had any additional comments, the last thing appellant said to the trial court was that "the way that I took the plea deal is I agreed to get probation and to be released. Now, for some reason, the agreement is not going through." (July 30, 2015 Tr. 6.) And, as the trial court noted, appellant wrote the court a letter only weeks before sentencing in which he did not contest the facts of the case but, instead, wanted to make sure the required evaluations would be completed so that he could be sentenced.

{¶ 20} I do not believe the trial court abused its discretion when it concluded that appellant sought to withdraw his plea solely because of the anticipated sentence. As this court has noted many times, a " 'defendant's change of heart or mistaken belief about the guilty plea or expected sentence does not constitute a legitimate basis that requires the trial court to permit the defendant to withdraw the guilty plea.' " *State v. Lampson*, 10th Dist. No. 09AP-1159, 2010-Ohio-3575, ¶ 14, citing *State v. Brooks*, 10th Dist. No. 02AP-44, 2002-Ohio-5794, ¶ 51; *State v. Griffith*, 10th Dist. No. 10AP-94, 2010-Ohio-5556, ¶ 23; *Glass* at ¶ 37 ("Ohio courts have consistently held that a change of heart is deemed insufficient to justify withdrawing a guilty plea, especially where the change of heart is based upon the defendant learning what sentence a court is going to impose."). Accordingly, I would affirm the judgment of the trial court. Because the majority reaches a different conclusion, I respectfully dissent.

_____