[Cite as *State v. Mayle*, 2016-Ohio-7499.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2016-0014 |
| JAMES MAYLE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2015-0359

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 21, 2016

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

GERALD ANDERSON II      DAVID SAMS
Box 189      Box 40
Zanesville, OH  43702      West Jefferson, OH 43162

*Gwin, P.J.*

{¶1} Appellant appeals the February 18, 2016 judgment entry of the Muskingum Court of Common Pleas sentencing appellant to a prison term of nine (9) months. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On November 17, 2015, the Central Ohio Drug Task Force made a controlled buy of marijuana from appellant James D. Mayle using a confidential informant. Appellant was charged with the following in a November 25, 2015 indictment: trafficking in drugs (marijuana), a felony of the fifth degree; permitting drug abuse, a felony of the fifth degree; possession of drug paraphernalia, a fourth-degree misdemeanor; and possession of drugs (marijuana), a minor misdemeanor.

{¶3} On January 11, 2016, appellant entered a plea of guilty to all four counts. At the plea hearing, appellant stated he understood each of the two felonies carried a possible penalty of six to twelve months imprisonment. At the plea hearing, the State of Ohio recommended an aggregate sentence of six months in prison. Also at the plea hearing, the trial court judge inquired of appellant, "And you understand the prosecutor's recommendation is not binding on this Court, I do not have to follow it?" Appellant responded, "Yes, sir."

{¶4} Also on January 11, 2016, appellant signed a "plea of guilty" form, stating he withdrew his former not guilty plea and entered a plea of guilty to all four counts. The form stated appellant understood the maximum penalties, including the potential prison terms for each count. Further, that the parties agreed to a joint recommendation of sentence of an aggregate term of six months in prison. In the plea of guilty form, appellant

specifically acknowledged he "understands any sentencing recommendation does <u>not</u> have to be followed by the Court." The trial court entered a judgment entry on January 15, 2016 on appellant's plea of guilty, found the plea was a knowing, intelligent, and voluntary waiver of his rights. The trial court deferred sentence and ordered a pre-sentence investigation report ("PSI").

**{¶5}** The trial court held a sentencing hearing on February 16, 2016 and noted the joint recommendation of six months in prison. Counsel for appellant stated appellant acknowledged his prior criminal record, as contained in the PSI, but was remorseful for his actions. The trial court stated that, upon the review of the PSI, appellant had six prior felonies. As such, the trial court declined to follow the joint recommendation. Rather, the trial court sentenced appellant to a prison term of nine months on each felony count, a thirty-day term of incarceration for the fourth-degree misdemeanor, and a fine for the minor misdemeanor. The trial court further found the prison terms should be served concurrently, for a total aggregate prison term of nine months.

**{¶6}** The trial court entered a sentencing entry on February 18, 2016, stating the court considered the record, the plea recommendation, the principles and purpose of R.C. 2929.11, and the factors contained in R.C. 2929.12, in sentencing appellant to a prison term of nine months. The trial court stated it made judicial findings that appellant has a prior felony record.

**{¶7}** Appellant appeals the February 18, 2016 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO A LONGER PRISON TERM THAN JOINTLY RECOMMENDED BY THE PARTIES."

I.

{¶9} The Ohio Supreme Court recently announced the standard of review appellate courts are to apply to felony sentences. In *State v. Marcum*, -- N.E.3d ----, 2016-Ohio-1002, the Court held that R.C. 2953.08(G)(2)(a) compels us to modify or vacate sentences if we find, by clear and convincing evidence, that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *Id.* Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief a conviction as to the facts sought to be established. *Id.*, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶10} Appellant contends the trial court erred when it deviated from the jointly recommended sentence. However, this Court has previously held that a trial court is not bound by a recommendation proffered by the State. *State v. Hartrum*, 5th Dist. Licking No. 2014 CA 00106, 2015-Ohio-3333, citing *State v. Kitzler*, 3rd Dist. Wyandot No. 16-02-06, 2002-Ohio-5253. "A trial court does not err by imposing a sentence greater than that recommended by the State when the trial court sufficiently explains to the defendant the potential incarceration periods and sentencing ranges which may be imposed upon conviction." *State v. Bailey*, 5th Dist. Knox No. 05-CA-13, 2005-Ohio-5329. In this case,

in the "plea of guilty" form signed January 11, 2016 by appellant, appellant acknowledged he understood the maximum sentence for each count. During the plea hearing on January 11, 2016, the trial court appraised appellant of the nature of the offenses, the ranges of penalties and fines provided for the offenses, the possibility of the imposition of post-release control, and the potential consequences for a violation of post-release control. Appellant stated he understood the nature of the charges against him, and the maximum penalties for each count; specifically, that each of the two felonies carried a possible penalty of six to twelve months imprisonment.

{¶11} During the plea colloquy, the trial court adequately informed appellant of the possibility of receiving the maximum sentence despite the joint sentencing recommendation, as the trial court asked appellant, "And you understand the prosecutor's recommendation is not binding on this Court, I do not have to follow it?" Appellant responded, "Yes, sir." Further, in the "plea of guilty" form, appellant specifically acknowledged he "understands any sentencing recommendation does not have to be followed by the Court." Finally, during the sentencing hearing, the trial court adequately explained why it sentenced appellant to the nine month sentence as a result of the trial court's review of the PSI and his six prior felonies. See *State v. Hartrum*, 5th Dist. Licking No. 2014 CA 00106, 2015-Ohio-3333. Accordingly, we find the trial court did not err in rejecting the joint recommendation.

{¶12} Appellant argues the case of *State v. Buell* in analogous to the instant case. 10th Dist. Franklin No. 15AP-789, 2016-Ohio-2734. However, we find *Buell* distinguishable from the instant case. *Buell* does not address whether a trial court must follow a joint recommendation. *Id.* Rather, the issue in *Buell* was whether the trial court

abused its discretion when it denied Buell's motion to withdraw his pre-sentence guilty plea, which the Tenth District Court of Appeals noted "should be freely and liberally granted." *Id.* The trial court found a joint recommendation was never promised to Buell by a previous trial judge. *Id.* The Court of Appeals found the conclusion that a joint recommendation was never promised was an erroneous conclusion and likely impacted the trial court judge's evaluation of whether the defendant had a reasonable and legitimate basis for wanting to withdraw his guilty plea. *Id.* Thus, the facts and legal rationale in *Buell* are inapplicable to the instant case where appellant pled guilty to the offenses, was informed of the maximum penalties for the charges, and acknowledged during the plea and in the plea form that he understood the trial court was not required to follow the joint recommendation for sentence.

{¶13} Though appellant cites R.C. 2953.08(D)(1) in conjunction with *Buell*, R.C. 2953.08(D)(1) is not cited or mentioned in *Buell*. R.C. 2953.08(D)(1) does not require a trial court to follow a joint recommendation and, as this Court has previously held, R.C. 2953.08(D)(1) provides that a case is not properly reviewable on appeal when a sentence is jointly recommended. *State v. Owens*, 5th Dist. Perry No. 15-CA-00015, 2016-Ohio-1203.

{¶14} In his brief, appellant also contends the trial court's citation of six previous felonies in refusing to follow the joint recommendation was erroneous because there was no indication when the felonies occurred, whether appellant served prison time for these felonies, and that R.C. 2929.13(B)(1) prohibits a prison term for fifth degree felonies unless certain exceptions are met. Appellant is correct that R.C. 2929.13(B)(1) provides that an offender convicted of a non-violent fourth or fifth degree felony shall be sentenced

to community control. However, this mandatory community control only applies if, "the offender previously has not been convicted of or pleaded guilty to a felony offense." R.C. 2929.13(B)(1)(a)(i).

{¶15} In this case, there is no question appellant has prior felony convictions, as these prior felony convictions were detailed in the PSI and acknowledged by counsel for appellant at appellant's sentencing hearing. Pursuant to the plain language of R.C. 2929.13(B)(1), there is no requirement that the trial court undertake a colloquy during the sentencing hearing as to the dates of the felonies or circumstances surrounding the felonies. In this case, the trial court, after the plea hearing obtained a PSI prior to the sentencing hearing, with the pertinent information contained in it. The nine month prison sentence is within the range provided for a fifth degree felony. Further, R.C. 2929.13(B)(1) requires only a prior felony conviction, the statute does not require a prior prison sentence to avoid the presumption of community control. *State v. Mann*, 5th Dist. Coshocton No. 2012CA0018, 2013-Ohio-2133; *State v. Kerr*, 5th Dist. Ashland No. 13 COA 044, 2014-Ohio-2013.

{¶16} We find the sentence in this case is not clearly and convincingly contrary to law. The sentence was within the statutory range for a fifth-degree felony. The trial court also reviewed and considered the PSI, as well as the statements of appellant and his counsel. The trial court noted appellant's prior felony record at sentencing. See *State v. Riter*, 5th Dist. Stark No. 2013CA0011, 2014-Ohio-1465.

{¶17} Based on the foregoing, appellant's assignment of error is overruled. The February 18, 2016 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur