[Cite as *State v. Stewart*, 2021-Ohio-4444.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

JALEN LEE STEWART

    Defendant-Appellant

JUDGES:
Hon. Craig R. Baldwin, P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 21-CA-00008

O P I N I O N

CHARACTER OF PROCEEDINGS:    Appeal from the Perry County Court of Common Pleas, Case No. 20-CR-0048

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 17, 2021

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
Prosecuting Attorney
111 North High Street
P.O. Box 569
New Lexington, Ohio 43764-0569

For Defendant-Appellant

SCOTT P. WOOD
Conrad / Wood
120 East Main Street, Suite #200
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Jalen Stewart appeals the judgment entered by the Perry County Common Pleas Court convicting him following his pleas of no contest to possession of heroin (R.C. 2925.11), with a forfeiture specification, and sentencing him to a term of incarceration of three to four-and-a-half years. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 3, 2020, the Perry County Municipal Court issued a search warrant for Appellant's residence to the Perry County Sheriff's Department. The application for the warrant was supported by a sixteen-page affidavit of Det. Lt. Kevin Starrett. The affiant stated the Central Ohio Drug Enforcement Task Force received information on May 19, 2019, Appellant was dealing fentanyl in the Roseville/Crooksville area, and was routinely in possession of large quantities of drugs at any time, as well as weapons and ammunition. A detective from the task force met with the informant on January 10, 2020, and the informant repeated Appellant and Kelsey Cummings were involved in the sale and distribution of heroin and fentanyl, and they were ounce level dealers. The informant stated Appellant and Cummings resided on Lake Street in Roseville, Ohio, and Cummings drove a white Chevy Cruz.

{¶3} The affiant researched Appellant and Cummings, and discovered a 2018 white Chevy Cruz was registered to Cummings. The affiant personally traveled to Lake Street in Roseville, and found the vehicle parked in the driveway, along with a truck registered to Nellie Stewart. Further research revealed Appellant stated he lived on East Lake Street in Roseville in two separate reports.

**{¶4}** On December 27, 2019, a search warrant was issued for Nick Smith's Facebook account, in an unrelated investigation. Upon reviewing the records, a detective located several messages between Smith and Appellant in which Appellant asked Smith to obtain ammunition for him. Appellant sent Smith a photograph of a 9mm assault rifle using Glock brand magazines.

**{¶5}** The affiant received a call from another confidential informant on February 26, 2020, reporting Appellant was a multi-ounce fentanyl dealer residing on East Lake Street in Roseville. The informant reported Appellant lived with Cummings, and Cummings drove a white vehicle. The informant stated Appellant stores drugs in his bedroom closet inside the residence. The informant stated he/she last saw drugs in Appellant's residence approximately two and a half weeks earlier, and at one time/ he/she knew Appellant had upwards of nine ounces of fentanyl concealed in his residence.

**{¶6}** The affiant conducted surveillance on Appellant's residence on March 2, 2020, at 3:40 p.m. He observed a vehicle arrive at Appellant's residence. He saw the driver, later identified as Wesley Whitehouse, enter the residence, while a female passenger remained in the vehicle. The passenger was later identified as Jamie Miller. Whitehouse exited the house a short time later, and the vehicle left the residence. The affiant followed the vehicle and observed the driver fail to come to a complete stop at an intersection. The vehicle was stopped by another detective, who found two hypodermic needles and one baggie of an unidentified white powder in Miller's pocket. Upon questioning, neither Whitehouse nor Miller stated they stopped at Appellant's residence. On March 3, 2020, testing revealed the substance found on Miller was heroin. Both Whitehouse and Miller had prior drug-related convictions.

**{¶7}** After the search warrant was executed, Appellant was indicted by the Perry County Grand Jury with two counts of trafficking in heroin, possession of heroin, illegal manufacture of drugs, and tampering with evidence, with accompanying forfeiture and firearm specifications.

**{¶8}** Appellant moved to suppress the evidence seized from his home on the basis the affidavit did not provide probable cause to support the search warrant. The trial court did not hold an evidentiary hearing, but conducted a four-corners review of the affidavit. The trial court denied Appellant's motion to suppress.

**{¶9}** Appellant entered a plea of no contest to the charge of possession of heroin with a forfeiture specification, and the State entered a nolle prosequi as to the remaining charges. Appellant was convicted upon his plea and sentenced to an indefinite term of incarceration of three to four-and-one-half years. It is from the April 30, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF A SEARCH WARRANT.

**{¶10}** Appellant argues the trial court erred in denying his motion to suppress because the information contained in the affidavit was stale, and the information did not state with specificity evidence of a crime would be found in Appellant's residence.

**{¶11}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable

searches and seizures of persons or their property. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991). In determining the sufficiency of probable cause in an affidavit submitted for a search warrant, a trial judge or magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph one of the syllabus (1980), *citing Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As a reviewing court, we must accord great deference to the issuing judge's determination of probable cause. *See George*, at paragraph two of the syllabus. Doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id*. The totality of the circumstances must be examined in determining whether probable cause existed for a search warrant. *Illinois v. Gates, supra*. "Probable cause" means only the probability and not a prima facie showing of criminal activity. *George, supra*, at 644. *See, also, Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

{¶12} Appellant first argues the information contained in the affidavit was stale.

{¶13} "There is no arbitrary time limit that dictates when information [offered to support a search warrant application] becomes stale." *State v. Ingold*, 10th Dist. Franklin No. 07-AP648, 2008-Ohio-2303. Instead, "[t]he test for staleness is whether the alleged facts justify the conclusion that contraband is probably on the person or premises to be searched at the time the warrant issues." *Id. See also State v. Rieves*, 8th Dist. Cuyahoga No. 105386, 2018-Ohio-955, 109 N.E.3d 190, ¶ 31 (information becomes stale when

enough time has elapsed such that there is no longer sufficient basis to believe the items to be seized are still on the premises).

{¶14} "The question of staleness is not measured solely by counting the days between the events listed in the affidavit and the application for warrant." *Ingold* at 23. "Ohio courts have identified a number of factors to consider in determining whether the information contained in an affidavit is stale, including the character of the crime, the criminal, the thing to be seized, as in whether it is perishable, the place to be searched, and whether the affidavit relates to a single isolated incident or ongoing criminal activity." *Id.*

{¶15} An affidavit supporting a search warrant which, viewed in its totality, indicates investigation into an ongoing criminal operation, such as drug trafficking, may support the issuance of a search warrant even where the information provided in the affidavit is not recent. *United States v. Ortiz*, 143 F.3d 728, 733 (2d Cir.1998), *quoting United States v. Martino*, 664 F.2d 860, 867 (2d Cir.1981) ("[W]hen the supporting facts 'present a picture of continuing conduct or an ongoing activity, ... the passage of time between the last described act and the presentation of the application becomes less significant."); *State v. Ridgeway,* 4th Dist. Washington 00CA19, 2001-Ohio-2655, *quoting State v. McKenzie*, 6th Dist. Erie No. E-97-040, (Sept. 18, 1998) (" '[A]n affidavit which establishes a pattern of conduct or indicates an ongoing investigation can justify the granting of a search warrant based on old information.' ").

{¶16} For example, information in an affidavit over one month old has been found to support probable cause to issue a search warrant where the affidavit describes ongoing criminal activity. *See, e.g., State v. Clouser*, 4th Dist. Highland No. 16CA4, 2016-Ohio-

5370, 2016 WL 4268772, ¶ 16-17 (two and one-half months between last incidents of drug transactions and warrant application not stale and supported probable cause); *State v. Prater*, 12th Dist. Warren No. CA2001-12-114, 2002-Ohio-4487, 2002 WL 2005708, ¶ 10-14 (six months between last drug transactions and warrant application not stale and supported probable cause).

{¶17} In the instant case, the information provided in the affidavit referred to ongoing drug activity, beginning with information provided on May 19, 2019, and culminating with information received from an informant who saw drugs in Appellant's residence approximately one month before the warrant was issued. Based on the case law, we find the trial court did not err in finding a time delay of one month between the last observation of drugs in Appellant's residence and the warrant application did not render the information stale, and the warrant was supported by probable cause. Further, on the day before the warrant application, the affiant observed two persons with a known criminal drug history travel to Appellant's residence, with drugs discovered shortly thereafter in the pocket of one of the individuals. Based on the ongoing investigation of drug activity spanning from nearly a year before the warrant application through the day before the application, we find the trial court did not err in finding the information was not stale.

{¶18} Appellant further argues the information in the affidavit did not specify contraband would be found in his residence. Regarding one of the informants used by police in the instant case, the affiant stated:

CS-3 states that Stewart stores his drugs in the closet in his bedroom within the residence and that Stewart has multiple firearms inside the residence as well. CS-3 states that they last saw drugs in Stewart's – East Lake Street/Roseville, Ohio approximately 2 ½ weeks ago. CS-3 states that at one time, he/she knew that Stewart had upwards of nine (9) ounces of fentanyl concealed in his residence.

{¶19} Search Warrant Affidavit, ¶8.

{¶20} We find this information specified drugs were located inside Appellant's residence. While Appellant argues this information was stale, we find the information drugs were located inside the residence approximately one month before the warrant issued was not stale when viewing the totality of the circumstances surrounding an investigation into ongoing drug activity at Appellant's residence.

{¶21} The assignment of error is overruled.

{¶22} The judgment of the Perry County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
Delaney, J. concur